# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-14-00286-CR

**Herman Miller Griffith, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
## NO. CR23,896, HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

After appellant Herman Miller Griffith failed to pay or make arrangements to pay for the clerk's record, this Court requested that the Milam County District Clerk's office provide a copy of the trial court's certification of Griffith's right of appeal. *See* Tex. R. App. P. 25.2(f). This Court dismissed Griffith's appeal for want of jurisdiction based on the trial court's certification that Griffith had entered into a plea bargain in the underlying case and had no right of appeal. *Griffith v. State*, No. 03-14-00286-CR, 2014 Tex. App. LEXIS 8212, at *1 (Tex. App.—Austin July 30, 2014, no pet. h.). The Milam County District Clerk's office subsequently notified this Court that it provided us with the trial court's certification of defendant's right of appeal as to his plea, but the trial court's certification of defendant's right of appeal as to his sentence has not yet been signed.[1]

---

[1] This procedure is unusual because the appellate rules require the trial court's certification of the defendant's right of appeal only "when it enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(b). Griffith's plea was neither a judgment of guilt nor an appealable order.

Accordingly, on our own motion, we withdraw the opinion and judgment in this cause issued on July 30, 2014, reinstate the appeal, abate it, and remand this cause to the trial court for preparation and filing of the certification of Griffith's right of appeal as to his sentence. *See* Tex. R. App. P. 25.2(f). If the court determines that Griffith has a right of appeal, the court shall conduct a hearing to determine whether Griffith desires to prosecute this appeal, whether he is indigent, whether his appointed trial counsel, Jack Holmes, has abandoned this appeal or been permitted to withdraw, and if so, whether new counsel should be appointed. *See* Tex. R. App. P. 37.3(a)(2), 38.8(b)(2); *see also* Tex. Code Crim. Proc. art. 26.04(j)(2) (appointed attorney "shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record").

A clerk's record containing the trial court's certification—and if Griffith has the right of appeal, copies of all orders signed and a transcription of the reporter's notes from the hearing on Griffith's indigency and any necessary appointment of counsel—shall be filed with this Court no later than September 15, 2014. *See* Tex. R. App. P. 25.2(d), 34.5(a)(12), 37.1, 37.3(b).

Before Chief Justice Jones, Justices Rose and Goodwin

Abated and Remanded

Filed: August 15, 2014

Do Not Publish

2